

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERMAINE FAISON #34213-037         :

v.                                  :      CIVIL ACTION NO. CCB-09-2565
                                           CRIMINAL NO. CCB-00-0296
UNITED STATES OF AMERICA           :

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

On December 6, 2000, Jermaine Faison pleaded guilty to one count of bank robbery and one count of use of a weapon. On March 9, 2001, Faison was sentenced to a total of 272 months incarceration, with five years supervised release, a special assessment of $200.00, and restitution of $117,700.00. Document 62. His March 12, 2001 appeal was unsuccessful. Documents 63 and 68. A motion to vacate filed pursuant to 28 U.S.C. § 2255 has been denied and dismissed. Documents 75, 101, 102, 103, 106.

On September 28, 2009, Faison filed a "Motion to Correct an Illegal Sentence." Document 109. In the motion, he avers that his sentences were within the statutory guidelines authorized under 18 U.S.C. §§ 924(c) and 2113 (a) and (f), and notes that he was sentenced at the "low end of the guidelines." Document 109 at 3. He complains, however, that the court "applied an enhancement under 4B1.1...which raised [his] sentencing range from 162-181 months to 188-235 months," then "erred by applying the 84 month consecutive sentence again, for the already calculated 924(c) enhancement of count three." *Id.*1

The court has endeavored to accord the motion liberal construction because it is mindful

---

1 Faison was sentenced as a career offender under 4B1.1 of the Sentencing Guidelines on the bank robbery count. At an offense level 31, Criminal History category VI, the range was from 188 to 235 months. In addition, he received a consecutive 84 month sentence on the 18 U.S.C. Sec. 924(c) count.

that Faison is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). To the extent Faison seeks to correct or reduce his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, his motion shall be denied. Former Fed R. Crim. P. 35(a) in relevant part provided "[t]he court may correct an illegal sentence at any time...."[2] This rule, however, applies to sentences for offenses committed prior to November 1, 1987. *See United States v. Landrum*, 93 F.3d 122, 125 (4th Cir. 1996). In this case, Faison pleaded guilty to an offense committed after November 1, 1987, and the aforementioned provision is inapplicable here. Further, Faison neither alleges, nor does his motion suggest, that Rule 35(a), in its current form, provides a basis for reduction.[3]

The arguments contained in the motion are more appropriately raised as a motion to vacate sentence pursuant to 28 U.S.C. §2255. As Faison has previously sought relief under 28 U.S.C. §2255, however, this court is without jurisdiction to consider another such request unless directed to do so by the United States Court of Appeals for the Fourth Circuit. *See* 28 § 2244(b)(3)(A);[4] *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) *(en banc)*. Under the "gatekeeping" amendments, before this court can undertake substantive review of a claim filed in a second or successive motion to vacate, the petitioner must first obtain an order--from a three-judge panel in the court of appeals--authorizing the district court to consider that second or

---

[2] This provision was changed by Pub. L. 98-473.

[3] Fed. R. Crim P. 35 (a) provides:

Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

[4] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

2

successive petition. *See* 28 U.S.C. §§ 2244(b)(3)(A) & (B) and 2255.[5] It does not appear that Faison has complied with this "gatekeeper" provision. Therefore, this attack on his sentence, construed as a motion to vacate, must be dismissed without prejudice.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the "motion" are extensive. The Clerk shall provide a packet of instructions published by the Fourth Circuit which addresses the comprehensive procedure to be followed should Faison wish to seek authorization to file a successive § 2255 motion with the appellate court. It is to be emphasized that Faison must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

A separate order shall be entered in accordance with this memorandum.

<table>
<tr><td>October 9, 2009<br>Date</td><td>/s/<br>Catherine C. Blake<br>United States District Judge</td></tr>
</table>

---

[5] As amended, 28 U.S.C. § 2255 provides that:

> A second or successive motion must be certified as provided in §2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.